# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEMETRICE CAGE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-58-SDD-RLB** |
| **HOBBY LOBBY STORES, INC.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 23, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| DEMETRICE CAGE | CIVIL ACTION |
| VERSUS | NO. 14-58-SDD-RLB |
| HOBBY LOBBY STORES, INC. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion to Remand. (R. Doc. 18). The motion is opposed. (R. Doc. 23). Plaintiff has filed a Reply. (R. Doc. 30).[1] For the following reasons, the undersigned recommends that Plaintiff's motion be denied.

## I. BACKGROUND

On December 31, 2012, Plaintiff was a customer at one of Defendant Hobby Lobby's stores. Plaintiff claims she "slipped on a piece of styrofoam" while being led by an employee of Defendant, which caused her to fall to the ground sustain serious physical injuries and damages, specifically including, but not limited to, her back and knees." (R. Doc. 1-4 at 1, 4).

Following the alleged incident, Plaintiff filed this personal injury suit on November 26, 2013 in 19th Judicial District Court of East Baton Rouge Parish, Louisiana. Plaintiff seeks to recover various damages, including physical pain, mental anguish, physical disability, impairment of functions and activities, loss of income, loss of earning capacity, scarring, disfigurement, and loss of enjoyment of life. (R. Doc. 1-4 at 4). In addition, Plaintiff seeks to recover "medical expenses, drug/prescription medication, rehabilitation therapy, diagnostic procedures, travel and other related and necessary expenses." (R. Doc. 1-4 at 4).

---

[1] Both Plaintiff and Defendant have filed additional briefing without leave of court. (R. Docs. 31, 32).

On January 29, 2014, Defendant removed the action alleging that this Court has diversity jurisdiction. (R. Doc. 1). Defendant was served the Petition on December 19, 2013. Defendant alleges that because it is not facially apparent from the Petition that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, it did not seek to remove the action within 30 days of being served the Petition. Defendant alleges that removal is instead premised on receipt of an e-mail from plaintiff's counsel on January 24, 2014 stating that Plaintiff would not stipulate that amount in controversy requirement was not satisfied based on the recommendation that the Plaintiff undergo a lumbar fusion for her alleged back injuries. (R. Doc. 1-5). Based on this representation, Defendant removed the action pursuant to 28 U.S.C. § 1446(b)(3).

On September 3, 2014, Defendant moved for Summary Judgment. (R. Doc. 16). This motion is still pending before the district judge.

On September 19, 2014, Plaintiff filed the instant Motion to Remand. (R. Doc. 18).

II.     **ARGUMENTS OF THE PARTIES**

Plaintiff claims that the amount in controversy requirement is no longer satisfied because her condition has improved and she no longer intends to undergo the invasive lumbar fusion surgery recommended to her. Plaintiff has submitted an affidavit stipulating that she will not accept a state court judgment exceeding $75,000.00 exclusive of interests and costs in connection with this proceeding. (R. Doc. 18-2). Plaintiff argues that this unilateral stipulation proves to a legal certainty that the amount in controversy has not been satisfied.

In opposition, Defendant argues that the amount in controversy requirement has been satisfied. First (and contrary to Defendant's allegations in the Notice of Removal) Defendant argues that it is facially apparent from the Petition that the amount in controversy requirement is satisfied. Defendant argues that because it was facially apparent that the amount in controversy

requirement was met at the time of removal, the Court should not consider the Plaintiff's post-removal stipulation.  Defendant further argues that the Plaintiff conceded prior to removal that the amount in controversy requirement was satisfied at the time of removal, and further conceded this point through the instant Motion.  Finally, Defendant has submitted Plaintiff's settlement demand and medical records to demonstrate that Plaintiff's injuries, if recoverable, exceed the amount in controversy requirement.

In reply, Plaintiff emphasizes that she has submitted an affidavit stipulating that the amount in controversy requirement is no longer satisfied in light of her improvements and lack of intention to undergo invasive surgery.  Plaintiff argues that her representation that she intended to undergo lumbar fusion surgery at the time of removal is irrelevant because her condition has improved and she no longer intends to undergo the recommended surgery.

## III.    LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  Remand is proper if at any time the court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal

should be resolved in favor of remand.  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).  If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]."  28 U.S.C. § 1446(c)(2)(A)(ii)-(B).  The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum.  *Id*.  If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

As the parties do not dispute that there is complete diversity,[2] the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).  The Court will first consider whether it is facially apparent from the Petition that Plaintiff's claims likely exceed $75,000.  If not, the Court will then consider whether Plaintiff's stipulation prior to removal sufficiently clarified that the jurisdictional minimum was satisfied at

---

[2] Plaintiff is a citizen of Louisiana.  (R. Doc. 1 at 3).  Defendant is a citizen of Oklahoma.  (R. Doc. 1 at 3).

the time of removal.  Finally, the Court will consider whether the facts alleged by Plaintiff, as well as Plaintiff's unilateral stipulation that she will not accept a judgment for more than $75,000, divests this court of jurisdiction.

**1.      Whether the Jurisdictional Minimum is Facially Apparent**

This is a slip and fall case in which the plaintiff claims to have sustained serious injuries to her back and knees.  In addition to various broad categories of damages typically alleged in slip and fall actions, Plaintiff sought recovery for "medical expenses, drug/prescription medication, rehabilitation therapy, diagnostic procedures, travel and other related and necessary expenses." (R. Doc. 1-4 at 4).  Despite having removed on the basis that it was not facially apparent from the Petition that the amount in controversy requirement was satisfied, Defendant now argues that the amount in controversy is facially apparent.

The Petition does not provide any facts for determining the severity of Plaintiff's injuries other than the unsupported categories of damages alleged by Plaintiff.  Without some basis regarding the extent or nature of the actual injury, the Court is unable to make any reasonable estimate of the potential recovery for any particular category.  Furthermore, the Petition, which was filed approximately eleven months after the accident, does not allege that Plaintiff had or planned any surgery for her injuries.  The Petition does not state, as required by Louisiana Code of Civil Procedure article 893(A)(1), that the damages sought are less than the requisite amount to establish jurisdiction in federal court.  The absence of such a statement, although not alone determinative, may be considered in determining whether the amount in controversy is satisfied." *Johnson v. Macy's Dep't Store*, No. 14-226, 2014 WL 5822788, at \*4 (M.D. La. Nov. 10, 2014) (citing *Weber v. Stevenson,* No. 07-595, 2007 WL 4441261, at \*4 (M.D. La. Dec. 14, 2007).

Finally, Defendant removed the action on the express basis that the amount in controversy requirement could not be derived from the Petition.[3]

Based on the foregoing, the Court concludes that the amount in controversy is not facially apparent.

**2.    Whether the Ambiguity Regarding the Jurisdictional Amount at the Time of Removal Has Been Clarified**

Because the amount in controversy is not facially apparent, the Court must determine whether the ambiguity regarding the jurisdictional amount at the time of removal has been clarified through the submission of summary judgment-type evidence. Defendant has submitted evidence and case law in support of a finding that the amount in controversy requirement has been satisfied. Plaintiff has submitted an affidavit providing that her condition has improved since the time of removal and the amount in controversy requirement is no longer satisfied.

Prior to removal, Defendant sought a stipulation from Plaintiff that the amount in controversy was less than $75,000. Plaintiff refused to sign the stipulation because she asserted that "her damages are in excess of $75,000.00 exclusive of interest and costs due to her having been recommended for a lumbar fusion." (R. Doc. 1-5 at 1). Plaintiff did not have a legal obligation to sign Defendant's stipulation. *See Lipford v. Boehringer Ingelheim Pharm., Inc.*, No. 13-2858, 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014). Nevertheless, the Court may consider the Plaintiff's refusal to sign the stipulation as a factor in determining whether Defendant has met its burden of proof. *Id*.

---

[3] Defendant asserted in its Notice of Removal that plaintiff counsel's e-mail stating that Plaintiff would not stipulate that damages were below $75,000.00 on the basis that she was recommended to undergo lumbar fusion surgery constituted an "other paper" pursuant to 28 U.S.C. § 1446(b). Plaintiff did not challenge this assertion and did not move for remand within 30 days of removal to assert any non-jurisdictional arguments, including that the removal was untimely because it was not filed within 30 days of service of the Petition. *See* 28 U.S.C. 1447(c).

Furthermore, in the same e-mail, Plaintiff informed Defendant prior to removal that she had been recommended to undergo a lumbar fusion surgery. (R. Doc. 1-5 at 1). Plaintiff's assertion prior to removal is relevant in determining whether the amount in controversy was satisfied. The prospect of such a surgery, in addition to Plaintiff's other alleged categories of recoverable damages, would likely raise the amount in controversy above the statutory limits. *See Adkisson v. Wal-Mart Stores Inc.*, No. 12-CV-893, 2013 WL 4736850, at *1 (W.D. Tex. Sept. 3, 2013) (finding that the amount in controversy requirement was satisfied were the plaintiff would likely require a future lumbar fusion surgery, which defendants estimated between $67,000 to $124,000); *see also Cagle v. Harrah's Lake Charles, LLC*, 974 So. 2d 34 (La. App. 2 Cir. 2007) ($150,000 in general damages award for lumbar disc protrusion with radiculopathy where future surgery was likely); *Strother v. Continental Casualty Ins. Co.*, 944 So. 2d 774 (La. App. 3 Cir. 2006) ($144,000 in general damages award for a lumbar disc protrusion and residual pain for over one year).[4] Finally, on September 18, 2014, plaintiff's counsel sent defense counsel a settlement demand for $75,000.00, exclusive of costs, clarifying that Plaintiff's MRI result following the accident revealed that she had a "3 mm herniation at L1-L2" and that she had been recommended for an "eXtreme Lateral Interbody Fusion (XLIF) in her lumbar spine." (R. Doc. 23-3 at 1). The same recommendation was contained in the Status Report submitted to the Court by Plaintiff on June 5, 2014. (R. Doc. 13). This corroborates Plaintiff's assertion at the time of removal that she had been recommended for lumbar fusion surgery.

---

[4] Plaintiff's settlement demand for $75,000.00 suggests that Plaintiff's back injuries are aggravated injuries. (R. Doc. 23-3 at 2). As noted by Plaintiff, the aggravation of a single herniated disk can return a general award of approximately $50,000. *See*, *e.g.*, *Sallinger v. Robichaux*, 797 So. 2d 724 (La. App. 1 Cir. 2001) ($55,000 awarded in general damages for aggravation of injuries to pre-existing lumbar degenerative disc). Moreover, Plaintiff has admitted to have incurred $11,897.00 in medical expenses since the accident. (R. Doc. 23-3 at 1).

The Court concludes that the Defendant has submitted sufficient summary judgment evidence to conclude that, at the time of removal, the amount in controversy requirement was satisfied. Furthermore, Plaintiff has not come forward with any evidence providing that, at the time of removal, there was a "legal certainty" that Plaintiff would not recovery over $75,000.[5] As discussed below, Plaintiff's post-removal unilateral stipulation reflects Plaintiff's post-removal decision to not undergo lumbar fusion surgery approximately nine months after removal and has no direct bearing on the amount in controversy at the time of removal. If anything, Plaintiff's unilateral stipulation demonstrates that Plaintiff agrees with Defendant that, at the time of removal, the amount in controversy requirement was satisfied.

### 3. Whether Plaintiff's Post-Removal Stipulation Divests the Court of Jurisdiction

The Fifth Circuit has endorsed a narrow situation in which a unilateral post-removal stipulation can clarify that the amount in controversy is not satisfied where the following three elements have been met: "(1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above $[75],000; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present." *Marcel v. Pool Company*, 5 F.3d 81, 85 (5th Cir. 1993) (quoting *Asociacion Nacional de Pescadores (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993); *see also McGlynn v. Huston*, 693 F. Supp. 2d 585, 596 (M.D. La. 2010) (considering

---

[5] A plaintiff may only prove that there is a "legal certainty" that the amount in controversy requirement is not satisfied if he or she has made "all information known at the time he files the complaint" that would have a bearing on the amount in controversy. *De Aguilar*, 47 F.3d at 1412. Here, the information relied upon is an affidavit filed nearly nine months after removal concerning the plaintiff's decision not to undergo surgery approximately nine months after removal.

post-removal affidavit regarding the amount in controversy where defendant "failed to carry his burden of proof upon removal and the amount in controversy remains ambiguous"); *Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F. Supp. 2d 594, 597 (E.D. La. 2008) ("When the amount in controversy is ambiguous, as it is here, the nonremoving party may submit [a post-removal] affidavit to clarify the amount of damages sought.").

The Court finds that the narrow grounds announced in the *ANPAC* decision are not applicable here. First, although it was not facially apparent from the Petition that the amount in controversy was satisfied, the ambiguity was resolved in favor of jurisdiction based upon the Plaintiff's representation that she was recommended to undergo lumbar fusion surgery. Second, the Defendant made it clear in its Notice of Removal that it believed the amount in controversy requirement was satisfied on the basis that the Plaintiff was going to undergo extensive back surgery. Third, the unilateral stipulation offered by Plaintiff in this action was not timely made and clearly does not go to facts at the time of removal.[6] The stipulation acknowledges the severity of the Plaintiff's condition and the surgical recommendation "at the time of the filing of the original Petition for Damages and the removal of this matter" and that any improvement and the related decision to forego additional medical treatment has occurred "since that time." (R. Doc. 18-2). Accordingly, that Defendant has not specifically rebutted Plaintiff's assertions in the affidavit is immaterial.

Plaintiff is, in essence, seeking remand based on a post-removal event (i.e., her recovery and decision not to undergo recommended surgery nearly nine months after removal) that has no direct bearing on the amount in controversy at the time of removal. A post-removal filing

---

[6] In *ANPAC*, the relevant affidavit was filed into the record with the plaintiffs' motion to remand just one month after removal. *ANPAC*, 988 F. 2d at 562. Here, Plaintiff has waited nearly nine months (and after the filing of a motion for summary judgment) to stipulate that her claim *no longer* exceeds $75,000 because her condition improved.

seeking to reduce the amount in controversy below the statutory minimum based on subsequent events does not destroy the Court's subject matter jurisdiction. *See*, *e.g.*, *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 2 292-93 ("[A] plaintiff may not defeat removal by subsequently *changing* his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached."); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("[O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction.").

## IV.    CONCLUSION

The Court has subject matter jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332(a).  Plaintiff's post-removal unilateral stipulation does not divest this Court of jurisdiction.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand should be **DENIED**.

Signed in Baton Rouge, Louisiana, on January 23, 2015.


_____
    **RICHARD L. BOURGEOIS, JR.**
    **UNITED STATES MAGISTRATE JUDGE**