UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEMETRICE CAGE

VERSUS

HOBBY LOBBY STORES, INC.

CIVIL ACTION NO.

14-CV-58-SDD-RLB

## RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] by Defendant, Hobby Lobby Stores, Inc. ("Defendant" or "Hobby Lobby"). Plaintiff Demetrice Cage has filed an *Opposition*[2] to which Defendant filed a *Reply*.[3] For the following reasons, the Court finds that Defendant's motion should be granted.

## I. FACTUAL BACKGROUND

On December 31, 2012, Plaintiff was shopping inside Hobby Lobby Store # 148, located at 1683 O'Neal Lane, in Baton Rouge, Louisiana. Plaintiff claims that, while shopping and walking alongside Hobby Lobby employee Cynthia Young ("Young"), Plaintiff suddenly slipped on a piece of Styrofoam in the floral isle which caused her to fall and sustain serious injuries. Young was assisting Plaintiff in finding an item in the store. Plaintiff also claims that on the date of her fall, Hobby Lobby employees were conducting inventory which resulted in several cardboard boxes containing Styrofoam and similar items being located in the aisles throughout the premises. Plaintiff contends

---

[1] Rec. Doc. No. 16.
[2] Rec. Doc. No. 19.
[3] Rec. Doc. No. 25.

Document Number: 25652

that Hobby Lobby employees were continuously removing, transporting, and stocking these items throughout the store prior to and during her fall.

Plaintiff filed this lawsuit claiming that Hobby Lobby breached its duty under Louisiana Revised Statute 9:2800.6 to keep its aisles free of any hazardous condition which might reasonably give rise to damage. Specifically, Plaintiff contends that Hobby Lobby either created the risk or had constructive knowledge of the risk yet failed to exercise reasonable care in eliminating the risk; and Hobby Lobby's employee Young should have known that the area she was leading Plaintiff to in the store contained an unreasonable risk of harm that ultimately caused Plaintiff's fall.

Hobby Lobby has moved for summary judgment arguing that Plaintiff has failed to satisfy her burden under La. R.S. 9:2800.6 to come forward with positive evidence showing that the damage-causing condition existed for some period of time sufficient to place the Defendant on notice of its existence. Hobby Lobby claims there are no genuine issues of material fact in dispute, and Plaintiff's case should be dismissed.

II.    **LAW AND ANLYSIS**

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[5] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not

---

[4] Fed. R. Civ. P. 56(a).
[5] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).

Document Number: 25652

negate the elements of the nonmovant's case."[6] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[7] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[8]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[9] All reasonable factual inferences are drawn in favor of the nonmoving party.[10] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[11] "Conclusory allegations unsupported by specific facts ... will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations ... to get to a jury without any "significant probative evidence tending to support the complaint."'"[12]

---

[6] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (5th Cir. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[7] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[8] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[9] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[10] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[11] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[12] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).

## B. The Louisiana Merchant Liability Statute – La. R.S. 9:2800.6[13]

Louisiana Revised Statute 9:2800.6 sets forth the burden of proof in claims against merchants, such as Hobby Lobby, and provides the following in pertinent part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

"Constructive notice," as defined in La. R.S. 9:2800.6(C)(1), means that "the condition existed for such a period of time that it would have been discovered had the merchant exercised reasonable care." The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice,

---

[13] Louisiana law on merchant liability governs Plaintiff's claims in this matter that is proceeding in this Court on the basis of diversity jurisdiction.

unless it is shown that the employee knew, or in the exercise of reasonable care, should have known of the condition.[13]

Where the cause and time of a spill are unknown in a slip and fall case arising on a merchant's premises, the factfinder is required to draw inferences from various factors pertaining to the spill and the merchant's actions in an effort at determining whether the merchant's negligence is the "most plausible explanation for the accident."[14] Since fault is not based on strict liability, a spill that is not shown to be caused by the storekeeper, but more likely was caused by another patron, does not alone create liability.[15] The plaintiff must also prove that the defendant breached the duty of reasonable inspection and care of the premises.[16]

To prove that the defendant breached that duty, a plaintiff must make a "positive showing" that "the [damage-causing] condition existed for such a period of time" before the fall that the merchant would have discovered its existence through the exercise of ordinary care.[17] Thus, a claimant who simply shows that the condition existed, without an additional showing that the condition existed for "some time" prior to the fall, has failed to carry the burden of proving "constructive notice" as mandated by La. R.S. 9:2800.6.[18] Where a plaintiff does not present any evidence as to how long the damage-causing condition existed prior to the fall, courts have routinely found that the

---

[13] La. R.S. 9:2800.6(C)(1).
[14] Tanner v. Brookshire Grocery Co., 29,276 (La.App. 2 Cir. 4/2/97), 691 So.2d 871, 873.
[15] Id.
[16] Id.
[17] White v. Wal–Mart Stores, Inc., 97-C-0393 (La.9/9/97), 699 So.2d 1081, 1084–1085.
[18] Id. at 1083.

Document Number: 25652

plaintiff has failed to carry his/her burden of proof.[19] In addition, the merchant does not have to disprove its culpability by coming forward with positive evidence of the absence of a spill.[20]

In this case, Defendant contends Plaintiff's deposition testimony that she has no idea how the Styrofoam got on the floor[21] and no idea how long it had been there before her fall[22] forecloses Plaintiff's claims because it demonstrates her inability to satisfy her burden of proof.[23] In opposition, Plaintiff claims that Hobby Lobby has "cherry picked" certain portions of Plaintiff's deposition to "mislead and excite" the Court.[24] Plaintiff points to her testimony that the number of Hobby Lobby employees significantly outnumbered the amount of customers in the store on the date of the accident and that she witnessed several Hobby Lobby employees constantly removing contents from multiple boxes located throughout the store, including in the vicinity of her fall. Plaintiff contends this testimony creates a genuine issue of fact regarding Defendant's constructive notice of the damage-causing condition. However, Plaintiff also testified

---

[19] *See, O'Brien v. Wal–Mart Stores, Inc.*, 31,032 (La.App. 2nd Cir.10/28/98), 720 So.2d 1263 (The plaintiff failed to present any evidence to establish that the oil upon which she slipped was on the floor for any length of time and therefore did not establish constructive notice on the part of the defendant/merchant); *Kennedy v. Wal–Mart Stores, Inc.*, 98–1939 (La.4/13/99), 733 So.2d 1188 (While the plaintiff produced evidence showing that the general area where he fell was within view of a customer service podium and that it was raining on the evening when he fell, he failed to present any evidence as to the length of time the puddle was on the floor before his accident and therefore failed to meet his burden of proving Wal-Mart's constructive knowledge of the condition); *Babin v. Winn Dixie of Louisiana, Inc.*, 2000–0078 (La.6/30/00), 764 So.2d 37 (Where the plaintiff admitted in his deposition that he did not know how the toothpick boxes upon which he slipped arrived on the floor and that he did not know how long they had been on the floor prior to his fall, the Louisiana Supreme Court found that the plaintiff failed to produce the factual support necessary to establish that he would be able to satisfy his evidentiary burden of proof at trial and therefore found that summary judgment was appropriate).
[20] *Id.* at 1086.
[21] Rec. Doc. No. 16-3, p. 9 (Deposition p. 111, lines 20-23).
[22] *Id.* at pp. 9-10 (Deposition pp. 111, lines 24-25 through p. 112, line 1).
[23] Plaintiff also makes a meritless argument regarding the Defendant's alleged obligation to provide Plaintiff a copy of her deposition. Because Defendant adequately addresses this argument in its *Reply* regarding the applicable Federal Rules of Civil Procedure, the Court will not reiterate that discussion here.
[24] Rec. Doc. No. 19, p. 3.

Document Number: 25652

that she did not see any other Hobby Lobby employee actively stocking the shelves in the immediate area of her fall.[25] Plaintiff also claims that the Defendant is asking the Court to make a credibility evaluation which is improper on a summary judgment motion.

To be certain, the Court is not mislead or excited by Defendant's referenced portions of Plaintiff's deposition. Nothing in Plaintiff's deposition testimony creates a genuine issue of disputed fact regarding Plaintiff's failure to carry her burden of proof. The law set forth above is clear: Plaintiff must come forward with positive evidence showing that the condition that caused the damage existed for some period of time, and that such time was sufficient to place Hobby Lobby on notice of its existence.[26] The fact that Hobby Lobby employees in the store may have outnumbered customers on the date in question is of no consequence to this determination. Plaintiff admitted in her deposition that none of these Hobby Lobby employees were stocking materials in the vicinity of her fall.

Both Louisiana federal and state courts have granted summary judgment in favor of merchants in factually similar cases. In *Robertson v. Wal-Mart Louisiana, L.L.C.*,[27] the court granted summary judgment in favor of the defendant where the plaintiff had suffered injuries after slipping on some grapes. In finding that the plaintiff had failed to carry her burden of proof, the court stated: "Plaintiff observed nothing else on the floor. Plaintiff has no idea how the grapes got on the floor, and no information to suggest that any Wal–Mart employee caused the grapes to be on the floor or was aware of the

---

[25] Rec. Doc. No. 16-3, pp. 6-7 (Deposition p. 100, lines 7-25 through p. 101, line 1).
[26] *Wright v. SCC Serv. Solutions, Inc.*, 07-219 (La. App. 5 Cir. 9/25/07), 968 So.2d 759.
[27] 2013 WL 3233374 at *2 (M.D. La. June 25, 2013).

grapes on the floor. Plaintiff has no information to suggest how long the grapes were on the floor before she fell."[28] The same statement could be said of the Plaintiff in this case in relation to the Styrofoam which caused her fall.

The same result was reached by the Fifth Circuit Court of Appeal for the State of Louisiana in *Zeringue v. Wal-Mart Stores, Inc.*[29] wherein the court affirmed the district court's grant of summary judgment in favor of the defendant. In *Zeringue*, the plaintiff was shopping at a Sam's store and stepped on crushed grapes on the floor near the checkout aisles which caused her fall and subsequent injuries. The defendant moved for summary judgment and presented the plaintiff's deposition testimony in support. The plaintiff testified that she had no idea how long the grapes had been on the floor and no idea how they got there.[30] She also testified that she did not know whether any Sam's employees knew they were there and failed to clean them up.[31] The trial court granted summary judgment finding that there was no affirmative proof as to how long the grapes had been on the floor.[32] On appeal, the plaintiff argued that she had presented a question of material fact with regard to constructive notice. The appellate court rejected this contention and held:

> While there was testimony relative to the existence of the grapes on the floor, a simple showing that the condition existed is insufficient for a finding of liability and recovery.[33] The presence of cashiers in the vicinity does not, alone, constitute constructive notice, unless Mrs. Zeringue can show that they knew, or should have known, of the existence of the condition. She has not done so, and, rather, relied on

---

[28] *Id.*
[29] 10-589 (La. App. 5 Cir. 3/29/11), 62 So.3d 276.
[30] *Id.* at 277.
[31] *Id.*
[32] *Id.* at 278.
[33] *Id.* citing *Menjivar v. Rouse's Enter., L.L.C.*, 03-808 (La. App. 5 Cir. 12/30/03), 865 So.2d 176.

Document Number: 25652

speculation. Thus, she has failed to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial regarding the temporal element of notice.[34]

In the present case, there is nothing before the Court that warrants a different result. The Court has not made any credibility evaluations in reaching this decision. Indeed, the Court accepts as true all of Plaintiff's deposition testimony. Plaintiff admitted in her deposition that she does not know how the Styrofoam came to be on the floor, whether a Hobby Lobby employee caused it to be on the floor, how long it was on the floor before she slipped, or whether a Hobby Lobby employee knew it was on the floor prior to her fall. Thus, Plaintiff has failed to provide any evidence demonstrating that Hobby Lobby had actual or constructive notice of the existence of the damage-causing item prior to her fall. Therefore, Plaintiff will be unable to produce the necessary factual support to satisfy her burden of proving actual or constructive notice on the part of Hobby Lobby as required by La. R.S. 9:2800.6 and related jurisprudence. Summary judgment in favor of Hobby Lobby is proper under the facts of this case.

### III. CONCLUSION

For the reasons set forth above, Hobby Lobby's *Motion for Summary Judgment*[35] is GRANTED. Plaintiff's claims are dismissed with prejudice.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 10 day of March, 2015.

*Shelly D. Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[34] *Id.*
[35] Rec. Doc. No. 16.

Document Number: 25652